# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5039 | **DATE** | 8/25/2010 |
| **CASE TITLE** | Board of Trustees of the Plumbers Local Union No. 93 U.A. et al v. Performance Plumbing & Heating, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons discussed below, plaintiffs' motion for summary judgment [25] is granted. Accordingly, judgment is entered in favor of plaintiffs and against defendant in the amount of $13,182.20 for all unpaid contributions; judgment is also entered for plaintiffs and against defendant in the amount of $1,143.42 and $1,318.22, for interest and liquidated damages, respectively; and Performance is ordered to pay the reasonable attorneys' fees and costs in the amount of $6,359.58.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

   Plaintiffs, boards of trustees of several trust funds, sued defendant Performance Plumbing & Heating, Inc. ("Performance") under both section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and section 502 of the Employee Retirement Income and Security Act ("ERISA"), 29 U.S.C. § 1132, alleging that Performance failed to make contributions to trust funds in violation of the parties' collective bargaining agreement ("CBA") and trust agreements. Plaintiffs move for summary judgment and seek to collect the unpaid contributions. They also seek liquidated damages, interest, and attorneys' fees.

   Performance has failed to file any response to the plaintiffs' motion. While this does not mean that plaintiffs are automatically entitled to summary judgment, it does mean that all of the plaintiffs' well-pleaded statements of material fact may be deemed admitted. *See, e.g.*, *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994). When the plaintiffs' facts are deemed admitted, it is clear that they are entitled to summary judgment.

   ERISA section 515 provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; *Illinois Conference of Teamsters and Employers Welfare Fund v. Mrowicki*, 44 F.3d 451, 458 (7th Cir. 1994). It is undisputed that the funds in question are "multiemployer plans" within the meaning of ERISA. Pls.' L.R. 56.1

| STATEMENT |
|---|

Stmt. ¶ 4. It is also undisputed that Performance was obligated under the CBA and the Trust Agreements to make contributions to the funds. *Id*. ¶¶ 8-9. In addition, it is undisputed that Performance failed to make contribution payments for the months of March, April and May 2009, resulting in an outstanding amount of $13,182.20. *See* 56.1 Stmt. ¶¶ 16-17. Under ERISA, plaintiffs are entitled to collect this amount.

In addition to the delinquent contributions, ERISA "permits the prevailing party to collect the interest on unpaid contributions plus liquidated damages as provided for under the plan." *Laborers' Pension Fund v. RES Environmental Services*, Inc., 377 F.3d 735, 739 (7th Cir. 2004) (citing 29 U.S.C. § 1132(g)(2)). Furthermore, "ERISA requires a court to award attorneys' fees and costs to a prevailing fiduciary." *Id*. The interest on the unpaid contributions comes to $1,143.42, and the liquidated damages come to $1,318.22. *See* 56.1 Stmt. ¶ 18. Plaintiffs' attorneys' fees come to $6,359.58. *Id*. ¶¶ 19-20. ERISA entitles plaintiffs to recover these amounts as well.

In short, because plaintiffs have satisfied their burden of demonstrating the absence of any genuine issue of material fact, they are entitled to summary judgment. Accordingly, judgment is entered in favor of plaintiffs and against defendant in the amount of $13,182.20 for all unpaid contributions; judgment is also entered for plaintiffs and against defendant in the amount of $1,143.42 and $1,318.22, for interest and liquidated damages, respectively; and Performance is ordered to pay the reasonable attorneys' fees and costs in the amount of $6,359.58.